# United States District Court
# Eastern District of California

| | |
|---|---|
| CHANTHA NHIM,  | 08-CV-01712 TJH |
|         Petitioner, | |
|    v. | Order |
| D.K. SISTO, Warden, | |
|         Respondent. | |

      Petitioner was convicted of second-degree murder in 1991. The court sentenced him to fifteen years to life with the possibility of parole. In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. Petitioner filed a petition for writ of habeas corpus in state court challenging the decision by the Board to deny him parole. The court denied his petition, finding that the Board's decision to deny him parole was reasonable based on his disciplinary history and his lack of positive programming. He, then, filed a petition in this Court.

      Petitioner alleges: (1) The Board did not properly apply California Penal Code section 3041; (2) The Board's continued denial of his parole based on the

circumstances of his crime and other immutable factors violated his equal protection and due process rights; (3) The some-evidence standard is limited to factors tending to show current dangerousness; and (4) His fifteen years-to-life sentence has been altered to resemble a sentence of twenty-five years-to-life or to life without the possibility of parole in violation of the ex-post facto clause.

As set forth by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Whatever liberty interest exists in the right to parole is a state interest created by California law. Swarthout v. Cooke, __U.S.__, 131 S. Ct. 859, 862, 178 L. Ed. 2d 732, 736 (2011). When a state creates a liberty interest, the due process clause requires the interest to be carried out through fair and constitutional procedures. Swarthout, __U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 736. In the context of parole, the only procedures constitutionally required are that prisoners be allowed an opportunity to be heard at their parole hearing and, if parole is denied, given a statement of the reasons why it was denied. Swarthout, __U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 736. The petitioner was offered an opportunity to speak on his behalf during his parol hearing and was given a statement by the Board explaining why his parole was denied. Therefore, the Board's procedures met the requirements of clearly established federal law, as articulated by the Supreme Court,

1  and did not violate petitioner's federal due process rights.

2

3  It is Ordered that the petition for writ of habeas corpus be, and hereby is,

4  Denied.

5

6  Date:   July 23, 2012

7  _____

8  Terry J. Hatter, Jr.
   Senior United States District Judge